# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIDVALE INDEMNITY COMPANY | ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO.: _____ |
| Plaintiff, | ) |
| v. | ) <br> ) |
| APPLE CONSTRUCTION, LLC, RYAN C. APPLE, DOMINIQUE HEBERT, and KAITLIN HEBERT, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Midvale Indemnity Company (hereinafter referred to "Midvale") and files this Complaint for Declaratory Judgment against defendants Apple Construction, LLC, Ryan C. Apple, Dominique Hebert, and Kaitlin Hebert, and respectfully show unto the Court as follows"

## BACKGROUND

1. Midvale is an insurance company organized and existing under the laws of the state of Wisconsin, with its principal place of business in the state of Wisconsin, and writes policies of insurance in the state of Georgia.

1

2. Defendant Apple Construction, LLC is a limited liability company organized and existing in the state of Georgia and whose principal place of business is in the state of Georgia.

3. Defendant Ryan C. Apple is an individual who is a resident of the state of Georgia.

4. Defendant Dominique Hebert is an individual who is a resident of the state of Georgia.

5. Defendant Kaitlin Hebert is an individual who is a resident of the state of Georgia.

6. The loss and claims at issue in this case arise out of incidents that occurred in Atlanta, DeKalb County, Georgia. This case involves the interpretation of an insurance policy entered into in Georgia and that insures interests in Atlanta, DeKalb County, Georgia.

7. Jurisdiction exists because there is complete diversity of citizenship between Midvale and Defendants, and the amount in controversy, including potential costs of defending and indemnifying Apple Construction, LLC and Ryan C. Apple, potentially exceeds $75,000.00. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8. Venue is appropriate under 28 U.S.C. § 1391 because the insurance policy at issue in this case insured property that is located in this District and was issued in this District.

9. This is an action to determine insurance coverage pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether Midvale has a duty to defend or indemnify Apple Construction, LLC or Ryan C. Apple for all claims related to and arising out of the actions alleged in the underlying lawsuit styled, *Dominique Hebert and Kaitlin Hebert v. Apple Construction, LLC and Ryan C. Apple*, civil action file number 20CV7147, currently pending in the Superior Court of DeKalb County, Georgia (hereinafter referred to as the "Underlying Lawsuit"). A true and correct copy of the Verified Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 1**, and the allegations of the Amended Complaint are incorporated as if fully stated herein.

## FACTUAL BACKGROUND

**A.   Underlying Lawsuit**

10. Defendants Dominique Hebert and Kaitlin Hebert (hereinafter referred to collectively as "the Heberts") file the Underlying Lawsuit against Apple Construction, LLC and Ryan C. Apple (hereinafter referred to collectively as

3

"Apple") seeking recission of their contract to purchase a home, or in the alternative damages for breach of contract and negligent construction arising out of the sale of a home which Apple owned and rebuilt and sold to the Heberts.

11. Specifically, the Underlying Lawsuit alleges that Ryan Apple resided at 2571 Winding Lane in Brookhaven, Georgia 30319 (the "Property") from December 2015 until August 2019, and added a second floor to the Property.

12. The Underlying Lawsuit further alleges Apple's improvements to the Property were completed at the end of 2017 and the Heberts agreed to purchase the Property for $1,025,000 in August 2019.

13. The Underlying Lawsuit alleges the Seller's Property Disclosure Statement made false representations about the condition of the Property and claimed, *inter alia*, multiple issues resulting from water intrusion, violations of the International Residential Code and other applicable building codes, and other defective construction.

14. Further, the Underlying Lawsuit seeks recission of the sales contract or, in the alternative, damages for fraud in the inducement, fraud, negligent misrepresentation, negligent construction, breach of contract, punitive damages, and attorney's fees.

15. Midvale currently is defending Apple in the Underlying Lawsuit under a full reservation of rights.

**B.    The Policy**

16. Midvale issued a commercial general liability policy of insurance, policy number GLP1026554 (hereinafter referred to as "the Policy"), to Apple Construction, LLC. A true and correct copy of the Policy is attached hereto as **Exhibit "2"** and the terms of the Policy are incorporated as if fully stated herein.

17. The Policy has a limit of insurance of $1,000,000 per occurrence.

18. The Policy coverage period was from 08/03/2018 to 08/03/2019.

19. The Policy provides:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> 						****
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> > **(2)** The "bodily injury" or "property damage" occurs during the policy period; ….

20. The Policy provides the following exclusions:

> **2. Exclusions**,
> 						****

**j. Damage to Property**" there is no coverage for "Property damage" to:

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**k. Damage to Your Product**
"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**" excludes coverage for,
"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard. This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**"
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

6

21. The Policy includes the following definitions:

**SECTION V – DEFINITIONS**
\*\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

\*\*\*\*

**16.** "Products-completed operations hazard":
**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or
   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.
   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*\*\*\*

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

****

**21.** "Your product":
   **a.**   Means:
      **(1)**   Any goods or products, other than real property, manufactured, sold, handled, distributed, or disposed of by:
         **(a)** You;
         **(b)** Others trading under your name; or
         **(c)** A person or organization whose business or assets you have acquired; and
      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   **b.** Includes:
      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      **(2)** The providing or failure to provide warnings or instructions.

****

**22.** "Your work":
   **a.** Means:
      **(1)** Work or operations performed by you or on your behalf; and
      **(2)**   Materials, parts or equipment furnished in connection with such work or operations.

8

      **b.** Includes:
          **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
      **(2)** The providing of or failure to provide warnings or instructions.

22.    The damages alleged in the Underling Lawsuit are not covered under the Policy.

23.    Midvale is entitled to a declaratory judgment that it owes no duty of defense or indemnification to Apple under the Policy with regard to the claims against Apple in the Underlying Lawsuit.

**FOR A FIRST CAUSE OF ACTION**
**<u>DECLARATORY JUDGMENT</u>**

24.    Midvale restates and reasserts the allegations contained in paragraph numbers 1 through 23 above as if fully set forth herein.

25.    Midvale seeks a determination from this Court whether it has a duty to defend or indemnify Apple under the Policy for the claims alleged against Apple in the Underlying Lawsuit.

26.    The complained of damages alleged in the Underlying Lawsuit arise out of Apple's completed operations, its work, and its product, which are excluded under the Policy.

27. The complained of damages alleged in the Underlying Lawsuit were not caused by an occurrence as defined by the Policy and were not to property as defined in the Policy.

28. The complained of damages did not occur during the Policy' coverage period.

29. Accordingly, coverage is excluded by the express terms of the Policy.

30. Because there is no coverage under the Policy, no duty to defend or indemnify Apple arises under the Policy.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Midvale asks this Court to construe and determine the rights of the parties and to declare that:

a. The Policy issued by Midvale to Apple Construction, LLC does not provide coverage for the claims asserted in the Underlying Lawsuit;

b. Midvale has neither a duty to defend nor to indemnify Apple under the Policy for the claims and damages asserted in the Underlying Lawsuit.

Midvale prays that it be granted the relief set forth above, the costs of this action, and for any such other and further relief as the Court deems just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted this the 6th day of January, 2021.

By: s/J. Timothy Wooten
J. Timothy Wooten (GA Bar No.: 776357)
GOWER, WOOTEN & DARNEILLE, LLC
4200 Northside Parkway NW, Building 12
Atlanta, Georgia 30327
(404) 662-2333
Fax: (404) 662-2444
*tim@GWDlawfirm.com*
***Attorney for Midvale Indemnity Company***